# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

MARLO PICHARDO aka Marlo Scott Smith aka Marlo Smith,

    Debtor(s).

_____/

CASE NO: 6:20-bk-05499-LVV
CHAPTER 7

## FREEDOM MORTGAGE CORPORATION'S
## RESPONSE TO TRUSTEE'S MOTION TO SELL

Freedom Mortgage Corporation, its successors and/or assigns ("Secured Creditor"), by and through its undersigned counsel, responds in conditional consent to the Motion to Sell (Doc No. 33) ("Motion to Sell") filed on July 21, 2021 and states as follows:

1.    On September 30, 2020, the Debtor ("Debtor" as used herein shall include both Debtors in a joint case), filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2.    Secured Creditor holds a security interest in the Debtor's real property located at 1226 Alaqua Way, West Melbourne, FL 32904 (the "Property"), which is legally described as:

> Lot 1, WEST MELBOURNE LANDINGS, according to the plat thereof as recorded in Plat Book 56, Pages 45 through 48, inclusive, Public Records of Brevard County, Florida.
>
> Parcel ID No. 2864687
> a/k/a 1226 Alaqua Way, West Melbourne, FL 32904

3.    Further, and more specifically, Secured Creditor holds an interest in the Property by virtue of that certain mortgage, executed by the Debtor and properly recorded on January 3, 2018, in the Official Records of Brevard County, Florida at Book 8062 Page 1188.

4.    In the Motion to Sell, the Trustee is requesting to pursue short sale of property.

5.    Secured Creditor does not necessarily oppose the granting of the Motion to Sell,

but respectfully requests that: (a) any order provide that secured creditor will be paid in full subject to a proper payoff; (b) the Trustee's sale of the Property be explicitly conditioned on obtaining Secured Creditor's written consent to the "Short Sale" at or prior to closing; and (c) that all proceeds from the sale (if consented to by Secured Creditor), less realtor fees and typical and customary closing costs, shall attach to Secured Creditor's lien at the time of the sale and shall not become property of the Debtor's bankruptcy estate nor be subject to distribution by the trustee; and (d) the closing and receipt of the funds should be within 90 days from the date of the Order.

6. Absent the aforementioned conditions, Secured Creditor does not consent to the sale of the Property for an amount that is less than the entire amount of its lien. Secured Creditor avers that, pursuant to § 363(f), the Trustee may not conduct a "Short Sale" of the Subject Property without Secured Creditor's express consent.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court grant the Motion to Sell under the aforementioned conditions and restrictions or, in the alternative, deny the Debtor's Motion.

BROCK & SCOTT, PLLC
Attorney for Secured Creditor
2001 Northwest 64th Street, Suite 130
Fort Lauderdale, FL 33309
Phone: 813-342-2200
Fax: 954-618-6954
Floridabklegal@Brockandscott.com

/s/ Patrick Hruby
_____
PATRICK HRUBY, ESQUIRE
Florida Bar No. 0088657

**I CERTIFY** that a true copy hereof has been served electronically or via U.S. mail,

first-class postage prepaid, to:

    MARLO PICHARDO
    2584 TUSCARORA CT
    MELBOURNE, FL 32904-8089

    Neil J Buchalter
    2395 North Courtenay Parkway
    Suite 203
    Merritt Island, FL 32953

    Emerson C Noble
    Post Office Box 622798
    Oviedo, FL 32762

    United States Trustee - ORL7/13
    Office of the United States Trustee, George C Young Federal Building
    400 West Washington Street, Suite 1100
    Orlando, FL 32801

this 2nd day of August, 2021.

    BROCK & SCOTT, PLLC
    Attorney for Secured Creditor
    2001 Northwest 64th Street, Suite 130
    Fort Lauderdale, FL 33309
    Phone: 813-342-2200
    Fax: 954-618-6954
    Floridabklegal@Brockandscott.com

    /s/ Patrick Hruby
    _____
    PATRICK HRUBY, ESQUIRE
    Florida Bar No. 0088657